IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

———————————————————————

RONALD ROBINSON,

                    Plaintiff,

    v.

MEDICAL ANSWERING SERVICE,

                    Defendant.

———————————————————————

Civil Action No.
5:18-CV-1222 (GTS/DEP)

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

RONALD ROBINSON, *Pro se*
121 Lafayette Road, #402
Syracuse, NY 13205

FOR DEFENDANT:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

    This is an employment discrimination action brought by *pro se* plaintiff Ronald Robinson, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42. U.S.C. § 2000e *et seq*, against his former employer, defendant Medical Answering Service ("MAS"). Plaintiff also

claims that he was defamed by MAS when he was allegedly wrongly accused of sexual harassment.

Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. Based upon consideration of those documents, I grant plaintiff's IFP application, but recommend that his complaint be dismissed, with leave to replead.

I.    BACKGROUND

Plaintiff commenced this action on October 15, 2018. Dkt. No. 1. In his complaint, plaintiff alleges that he was subjected to unequal terms and conditions of employment, and that his employment was terminated by defendant MAS, based upon his race or color, which is not identified, and his sex, which is presumed to be male. *Id.* at 2.

More specifically, plaintiff alleges that he began working for MAS in or about 2012, and he was working for the company as an assistant trainer in December 2017. Dkt. No. 1 at 3. He alleges that his employment was terminated on December 15, 2017, based upon a report by one of his female trainees that he inappropriately touched her breast and otherwise sexually harassed her during the course of training. *Id.* at 3-4. Plaintiff claims that he was never questioned about the claim that he touched the

co-worker's breast, which he denies, or given the opportunity to defend

himself, and that "some type of bias was the real reason behind [his]

firing[,]" and in that respect, he was treated differently than other

employees.[1] *Id.* at 4-5.

Plaintiff's complaint was accompanied by an application for leave to

proceed without prepayment of fees or costs. Dkt. No. 2. That application

is complete and reveals the requisite information concerning plaintiff's

finances necessary to determine whether he qualifies for IFP status. *Id.*

II.    DISCUSSION

A.    Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the

statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C.

§ 1914(a). A court is authorized, however, to permit a litigant to proceed *in*

*forma pauperis* if it determines that his is unable to pay the required filing

---

[1]     Plaintiff's claim that he was treated differently than other co-workers could be
seen as an attempt to assert a claim for deprivation of his equal protection rights, in
violation to the Fourteenth Amendment to the United States Constitution. Any such
claim, however, would fail, since it would have to be brought pursuant to 42 U.S.C. §
1983, and from plaintiff's complaint it does not appear that there is any basis to
conclude that defendant MAS acted toward that plaintiff under color of state. Dkt. No.
1. In order to state a cognizable claim under section 1983, plaintiff must allege, *inter*
*alia*, that the defendant who allegedly deprived him of a right secured under the
constitutional laws of the United States acted under color of state law. *Velez v. Levee,*
401 F.3d 75, 84 (2d Cir. 2005); *accord Byng v. Delta Recovery Servs., LLC,* 568 F.
App'x 65, 65-66 (2d Cir. 2014).

fee.[2] 28 U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[3]

    B.   Sufficiency of Plaintiff's Complaint

        1.   Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In deciding whether a

---

[2]    The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]    Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d

Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although

6

the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

        2.   <u>Analysis</u>

            1.   <u>Title VII</u>

In his complaint, plaintiff alleges that he was unlawfully discriminated against in violation of Title VII. Dkt. No. 1. sTitle VII prohibits employers from discriminating against employees "because of such individual's race, color, religion, sex or national origin[.]" 42 U.S.C. § 2000e-2(a). Plaintiff's complaint, which was prepared utilizing a form made available by the court for use by Title VII litigants, indicates by way of the boxes that he checked that his claim included allegations that MAS discriminated against him on the basis of race or color and sex, including in connection with both terms and conditions of employment and its termination. Dkt. No. 1. However,

plaintiff did not include any facts plausibly demonstrating that discrimination on the basis of a prohibited ground has occurred. *See generally* Dkt. No. 1. Although the complaint alleges that plaintiff's termination must have been based upon "some type of bias," this is insufficient to plausibly allege a Title VII violation, since that provision does not prohibit all biases, but instead only those based upon the grounds recited in the statute. *See, e.g.*, *Colesanti v. St. Patrick's Home*, No. 92-CV-0657, 1992 WL 167389 (S.D.N.Y. Jun. 26, 1992) ("The type of activity which Title VII prohibits is limited to discrimination based on race, color, religion, sex, or national origin.") (citing 42 U.S.C. § 2000e-2)).

The primary thrust of plaintiff's federal claim is that he was falsely accused of sexual harassment and that the accusations were not properly investigated before he was fired. Dkt. No. 1 at 4-6. Such allegations, however, do not give rise to a cognizable claim under Title VII. *Graziano v. New York State Police*, 142 F. App'x. 5, 7 (2d Cir. 2005). Accordingly, I recommend that plaintiff's Title VII claim be dismissed.

### 2. Defamation

In addition to claiming that defendant unlawfully discriminated against him in violation of Title VII, plaintiff has also asserted a pendent state law claim of defamation. In the event that plaintiff's federal Title VII

cause of action is dismissed, I recommend that the court decline to exercise supplemental jurisdiction over his defamation claim. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.").

 C. <u>Whether to Permit Amendment</u>

 Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. d1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a

9

complaint should be dismissed with prejudice."). Stated differently,
"[w]here it appears that granting leave to amend is unlikely to be
productive, . . . it is not an abuse of discretion to deny leave to amend."
*Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord,
Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept.
22, 1997) (Pooler, J.).

      In this case, I am unable to conclude with complete certainty that if
permitted leave to amend his complaint, plaintiff could not assert a
plausible claim of employment discrimination in violation of Title VII.
Accordingly, I recommend that leave to amend be granted. If plaintiff
chooses to file an amended complaint, she should note that the law in this
circuit clearly provides that "'complaints relying on the civil rights statutes
are insufficient unless they contain some specific allegations of fact
indicating a deprivation of rights, instead of a litany of general conclusions
that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38
(N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363
(2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL
316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any
amended complaint, plaintiff must clearly set forth the facts that give rise
to her claims, including the dates, times, and places of the alleged

underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III.    SUMMARY, ORDER, AND RECOMMENDATION

Plaintiff's IFP application in this action is complete and demonstrates his qualification for that status. Accordingly, I will grant plaintiff's request for leave to proceed in this action without prepayment of fees or costs.

Turning to the merits of plaintiff's complaint, I find that it fails to allege facts plausibly demonstrating that defendant discriminated against him on the basis of one or more protected criteria, and therefore recommend that his federal employment discrimination claim be

11

dismissed. In the event that plaintiff's Title VII claim is dismissed, I further recommend that the court decline to exercise supplemental jurisdiction over plaintiff's pendent defamation cause of action.

Based upon the foregoing, it is hereby

ORDERED that plaintiff's application for leave to proceed in this action without prepayment of fees (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint (Dkt. No. 1) in this action be DISMISSED, pursuant to 28 U.S.C. § 1915(e), with leave to replead within thirty days from the date of any decision adopting this order, report and recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[4] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

---

[4]    If you are proceeding *pro se* and are served with this order, report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:     November 13, 2018
           Syracuse, New York