UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONALD ROBINSON,

                              Plaintiff,

                                                                           1:18-CV-1222
v.                                                                   (GTS/DEP)

MEDICAL ANSWERING SERVICE,

                              Defendant.
_____

APPEARANCES:

RONALD ROBINSON
  Plaintiff, *Pro Se*
121 Lafayette Road
Syracuse, New York 13205

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this *pro se* employment discrimination action filed by Ronald Robinson ("Plaintiff") against Medical Answering Service ("Defendant MAS"), is United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Plaintiff's Complaint be dismissed with leave to amend. (Dkt. No. 4.) For the reasons set forth below, Magistrate Judge Peebles' Report-Recommendation is accepted and adopted in its entirety; Plaintiff's claim of employment discrimination based on gender under Title VII is dismissed with prejudice; and his remaining two claims in his Amended Complaint (i.e., his claim of employment discrimination based on race under Title VII against Defendant MAS, and his claim of defamation under New York State common law against Defendant MAS and two individual Defendants) survive the undersigned's *sua sponte* review of the Amended Complaint.

Because this Decision and Order is intended primarily for the review of the parties, the Court will assume the reader's familiarity with Plaintiff's Complaint, Magistrate Judge Peebles' Report-Recommendation, Plaintiff's Amended Complaint, and the procedural history of this action.

Plaintiff has not filed an objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) Instead, ten days after the expiration of that deadline, Plaintiff filed an Amended Complaint as of right under Fed. R. Civ. P. 15(a)(1). (Dkt. No. 5.) An amended complaint ordinarily supersedes an original complaint in all respects and renders it of no legal effect.[1] However, a district court retains the duty to *sua sponte* evaluate the pleading sufficiency of an amended complaint filed by a plaintiff who is proceeding *in forma pauperis* (such as Plaintiff here).[2] Moreover, an amended complaint does not moot a pending report-recommendation that identifies pleading defects in an original complaint when

---

[1] *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."), cert. denied, 434 U.S. 1014 (1978), *accord*, *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994); *cf.* N.D.N.Y. L.R. 7.1(a)(4) ("[T]he proposed amended pleading . . . will supersede the pleading sought to be amended in all respects.").

[2] *See* 28 U.S.C. § 1915(e)(2)(B) (providing that, where a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . .") (emphasis added); *see, e.g., Heendeniya v. St. Joseph's Hosp. Health Ctr.,* 15-CV-1238, 2017 WL 1013081, at *8 n.13 (N.D.N.Y. March 14, 2017) ("Because Plaintiff is litigating this matter *pro se* and has been granted *in forma pauperis status*, the Court has a continuing duty to review his Second Amended Complaint . . . ."); *Ivey v. New York*, 14-CV-0326, 2014 WL 2558920, at *2 (N.D.N.Y. June 6, 2014) ("[T]he Court accepted Plaintiff's amended complaint as the operative pleading. The Court then undertook an independent review of Plaintiff's amended complaint, as is required where a plaintiff seeks to proceed in forma pauperis.").

those defects remain in that amended complaint.[3] Finally, where (as here) no timely objection has been made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review.[4]

With all of these points of law in mind, the Court has carefully reviewed Plaintiff's Amended Complaint in light of Magistrate Judge Peebles' thorough Report-Recommendation. The Court can find no clear-error in the Report-Recommendation: Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts that Report-Recommendation for the reasons stated therein. (Dkt. No. 4.)

Turning to whether Plaintiff's Amended Complaint has cured the pleading defects identified in the Report-Recommendation, the Court begins by observing that, although the Amended Complaint was prepared using a form made available by the Court for use by Section

---

[3] *See Smith v. Pines,* 17-CV-0286, 2017 WL 2616956, at *1 (N.D.N.Y. June 16, 2017) ("As a result, the Court finds that much, if not the entirety, of the Report-Recommendation has not been mooted [by the amended complaint]; and the Court will therefore review the Report-Recommendation."); *Praileau v. Fischer*, 930 F. Supp.2d 383, 388 (N.D.N.Y. 2013) ("[T]he filing of an amended complaint does not moot a pending report-recommendation that identifies pleading defects in the original complaint when those defects remain in that amended complaint."); *Gasaway v. Williams*, 11-CV-0549, 2012 WL 264611 at *4 (N.D.N.Y. Jan. 30, 2012) ("[T]o the extent that Plaintiff's Amended Complaint does not correct the pleading deficiencies identified in the Report-Recommendation, the Report-Recommendation is still applicable.").

[4] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see, e.g., Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

1983 litigants, the Amended Complaint has not alleged facts plausibly suggesting that any defendant is a state actor. (Dkt. No. 5, at 3 [Plf.'s Am. Compl., alleging that "MAS is a private company that has a contract with New York State Dept of Health to run their Medicaid transportation system"].)[5] However, the Court is mindful of the point of law that, in construing a *pro se* plaintiff's claims, "the court's imagination should be limited only by [the plaintiff's] factual allegations, not by the legal claims set out in his pleadings." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). As a result, the Court will continue to liberally construe Plaintiff's federal claims as arising under Title VII.

The Court also observes that the Amended Complaint attempts to add two defendants to this action. More specifically, in addition to continuing to identify Medical Answering Service ("MAS") as a defendant in the caption, the Amended Complaint identifies two individuals as defendants in the "Parties" Section of the form complaint: (1) Russ Maxwell, the CEO and President of MAS; and (2) Carrie Sgroi, the HR Director of MAS. However, although Plaintiff does not specify whether he is suing these two defendants in their individual capacities, he

---

[5] *See Grogan v. Blooming Grove Volunteer Ambulance Corps,* 768 F.3d 259, 265-68 (2d Cir. 2014) (finding that a private volunteer ambulance organization that contracted with town to provide emergency medical and general ambulance services was not a state actor under the public function theory, as required for organization to be subject to liability under 42 U.S.C. § 1983); *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 527 (2d Cir.1996) ("The fact that a municipality is responsible for providing medical attention to persons held in its custody may make an independent contractor rendering such services a state actor within the meaning of § 1983 with respect to the services so provided; but that fact does not make the contractor a state actor with respect to its employment decisions."). *MacDonald v. E. Wyoming Mental Health Ctr.*, 941 F.2d 1115, 1118 (10th Cir. 1991) (finding that a private corporation that contracted with a state agency to provide mental health services and received the majority of its funding from the state was not a state actor for purposes of a 42 U.S.C. § 1983 action arising from the discharge of an employee where no evidence showed that the state directed, controlled, or influenced the particular personnel decision notwithstanding the contention that the state regulated and monitored the corporation's personnel standards).

cannot assert Title VII claims against them in their individual capacities.⁶ Moreover, the remaining Title VII claims against these two Defendants in their official capacities are redundant of his Title VII claims against their employer, Defendant MAS; and thus Plaintiff's Title VII claims against these two Defendants may be dismissed.⁷ What remains against these two Defendants is Plaintiff's defamation claim under New York State common law. <u>As a result, the Clerk of the Court is directed to add these two individuals on the docket sheet as Defendants (while retaining MAS as a third Defendant)</u>.

With regard to Plaintiff's claim of employment discrimination based on race under Title VII, the Amended Complaint appears to allege the existence of a similarly situated individual (i.e., his co-worker David Prince) who was treated differently than was Plaintiff (i.e., not terminated but merely warned), and that this disparate treatment occurred because of Plaintiff's race. (Dkt. No. 5, at 6 [Plf.'s Am. Compl., alleging that "Mr. Prince is white . . . while I am black . . . ."].) As a result, the Court finds that Plaintiff's Amended Complaint has sufficiently stated a claim of employment discrimination based on race under Title VII to proceed for now.

---

⁶ *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam) ("[I]ndividuals are not subject to liability under Title VII."); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("We now hold that individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."), *abrogated on other grounds by Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998).

⁷ *See Jones v. OCRRA*, 973 F. Supp.2d 159, 166 (N.D.N.Y. 2013) ("[B]ecause Plaintiff has named OCRRA as a defendant, the Court finds that Plaintiff's claims against the individual Defendants in their official capacities are redundant and, therefore, grants Defendants' motion for summary judgment with respect to Plaintiff's Title VII claims insofar as he asserts those claims against the individual Defendants in their official capacities."), *aff'd*, 577 F. App'x 19 (2d Cir. 2014); *Yu v. NYC Hous. Dev. Corp.,* 07-CV-5541, 2011 WL 2183181, at *1 n.1 (S.D.N.Y. June 3, 2011) ("Magistrate Judge Dolinger properly concluded that the [Title VII] claims against Defendant Mariconda in his official capacity should be dismissed as duplicative of his claims against HDC."), *aff'd*, 494 F. App'x 122 (2d Cir. 2012).

The Court reaches a contrary conclusion with regard to the Amended Complaint's attempt to cure the pleading defect in Plaintiff's claim of employment discrimination based on gender under Title VII. The Amended Complaint hinges the viability of this amended claim on the fact that Plaintiff's alleged accuser was a woman while his co-worker David Prince's alleged accuser was a man. (Dkt. No. 5, at 6 [Plf.'s Am. Compl., alleging, "There are 2 obvious differences in the case against Mr. Prince and myself and they are race and our accuser's sex. Mr. Prince['s] . . . accuser was a man while . . . my accuser is a woman"].) In the Court's view, this difference between the genders of two alleged accusers does nothing to plausibly suggest an act of gender discrimination where the genders of the *accuseds* are the same;[8] if anything, such a difference confers a right (to assert a claim of gender discrimination) upon Mr. Prince's accuser (who was male and whose complaint allegedly resulted in merely a warning). As a result, the Court finds that Plaintiff's Amended Complaint has failed to state a claim of employment discrimination based on gender under Title VII.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Clerk of the Court is directed to add two individuals on the docket sheet as Defendants (while retaining MAS as a third Defendant): (1) Russ Maxwell, CEO and President of MAS; and (2) Carrie Sgroi, HR Director of MAS; and it is further

---

[8] *Cf. Baker v. Pactiv Corp.*, 04-CV-3548, 2005 WL 2293677, at *4 (N.D. Ill. Sept. 19, 2005) (entertaining such a claim only because the genders of the *accuseds* were different).

**ORDERED** that Plaintiff's claim of employment discrimination based on gender under Title VII against all Defendants is **<u>DISMISSED</u> with prejudice** from the Amended Complaint (Dkt. No. 5); and it is futher

**ORDERED** that Plaintiff's claim of employment discrimination based on race under Title VII against Defendants Maxwell and Sgroi is **<u>DISMISSED</u> with prejudice** from the Amended Complaint (Dkt. No. 5); and it is further

**ORDERED** that **SURVIVING** the undersigned's *sua sponte* review of Plaintiff's Amended Complaint are (1) Plaintiff's claim of employment discrimination based on race under Title VII against Defendant MAS, and (2) his claim of defamation under New York State common law against all three Defendants; and it is further

**ORDERED** that this action is referred back to Magistrate Judge Peebles for direction for service and his management of the pretrial phase of this action.

Dated: January 3, 2019
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge