UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONALD ROBINSON,

                        Plaintiff,
                                                   5:18-CV-1222
v.                                                 (GTS/ML)

MEDICAL ANSWERING SERVICE;
RUSS MAXWELL; and CARRIE SGROI,

                        Defendants.
_____

APPEARANCES:                              OF COUNSEL:

OFFICE OF K. FELICIA DAVIS          K. FELICIA DAVIS, ESQ.
  Counsel for Plaintiff
P.O. Box 591
Syracuse, New York 13201-3049

BOND SCHOENECK & KING, PLLC      SUBHASH VISWANATHAN, ESQ.
  Counsel for Defendants
One Lincoln Center
Syracuse, New York 13202

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this employment civil rights action filed by Ronald Robinson ("Plaintiff") against Medical Answering Service ("MAS"), Russ Maxwell, and Carrie Sgroi (collectively "Defendants"), is Defendants' motion to dismiss Plaintiff's Amended Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 18.) For the reasons set forth below, Defendants' motion is granted.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Former Status as a *Pro Se* Litigant

On October 15, 2018, Plaintiff filed his Complaint in this action as a *pro se* litigant. (Dkt. No. 1 [Plf.'s Am. Compl.].) On December 10, 2018, he filed an Amended Complaint, also *pro se*. (Dkt. No. 5.) On April 12, 2019, Plaintiff retained counsel, who filed a response in opposition to Defendants' motion to dismiss on Plaintiff's behalf on June 21, 2019. (Dkt. Nos. 24, 26.)

### B. Plaintiff's Amended Complaint

The following facts are taken from Plaintiff's Amended Complaint and are assumed true for the purpose of deciding the pending motion. Construed liberally, Plaintiff's Amended Complaint alleges as follows: (1) Defendant MAS is a private entity that contracts and conducts business with the New York State Department of Health ("NYS DOH") by providing transportation services for Medicaid beneficiaries; (2) Plaintiff was employed by Defendant MAS as an Assistant Trainer for almost six years; (3) in his capacity as an Assistant Trainer, Plaintiff trained new MAS employees to become Customer Service Representatives; (4) Sylvia Boykins ("Boykins") was a new MAS employee whom Plaintiff was training; (5) on December 14, 2017, Plaintiff and Boykins engaged in a conversation about what type of fur coat Boykins was wearing; (7) the following day, December 15, 2017, while walking past Boykins as she sat at her desk on the MAS call center floor, Plaintiff touched the bottom cuff of Boykins' fur coat sleeve and commented on the coat; (8) Plaintiff asked Boykins if the coat also had an interior fur lining, to which Boykins responded by pulling back the coat to show Plaintiff that it did not have an interior fur lining; (9) the conversation concluded with Plaintiff commenting that "it would be

nice if the coat had fur inside"; (10) later that same day, Plaintiff was called into a meeting with Human Resources Director Defendant Sgroi, and Plaintiff's direct supervisor, Chris Randall, in which Plaintiff was informed of his employment termination due to sexually harassing Boykins; (11) Defendant Sgroi displayed a cell phone screen and played a "very blurred" video recording of the earlier conversation between Plaintiff and Boykins, showing the moment when Plaintiff was alleged by Defendant Sgroi to have touched Boykins' breast; (12) Defendant Sgroi and Randall did not interview any of Plaintiff's coworkers or witnesses of the encounter between Plaintiff and Boykins; and (13) Plaintiff was not given the opportunity to submit a statement or incident report. (*See generally* Dkt. No. 5 [Plf.'s Am. Compl.].)

Based on these factual allegations, Plaintiff asserts the following four claims: (1) a claim of employment discrimination based on race under 42 U.S.C. § 2000e ("Title VII") against Defendant MAS; (2) a claim of defamation under New York common law against Defendant MAS; (3) a claim of defamation under New York common law against Defendant Sgroi; and (4) a claim of defamation under New York common law against Defendant Maxwell. (Dkt. No. 6.) Familiarity with the remaining factual allegations supporting these claims in Plaintiff's Amended Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id.*)

C.     The Parties' Briefing on Defendants' Motion to Dismiss

In support of their motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), respectively, Defendants argue as follows: (1) this Court lacks subject-matter jurisdiction over Plaintiff's claim of employment discrimination based on race under Title VII because he failed to include

3

race as a basis for his administrative charge filed with the Equal Employment Opportunity Commission ("EEOC");[1] (2) Plaintiff's defamation claims under New York common law against all three defendants must be dismissed because Plaintiff conceded that "none of the defendants published or communicated the reasons for his termination to any third party;" and (3) this Court also lacks supplemental jurisdiction over Plaintiff's three New York common law defamation claims based on its lack of subject matter jurisdiction over the only other federal claim. (*See generally* Dkt. No. 18, Attach. 2 [Defs.' Memo. of Law].)

In opposition to Defendants' motion to dismiss, Plaintiff asserts two arguments. As to his Title VII claim, Plaintiff argues as follows: (1) the Second Circuit has previously held that claims which were not asserted within an EEOC charge may still be pursued in a subsequent action in federal court, as long as the EEOC charge and the federal court action are *reasonably related*; (2) there are three instances in which claims not contained within an EEOC charge are *reasonably related* to a civil action brought in federal court, namely (i) when the complained of conduct is contained within the "scope of the EEOC investigation which can be reasonably be expected to grow out of the charge of discrimination," (ii) when an employee alleges a claim of retaliation by an employer against the employee for filing an EEOC charge, and (iii) when defendants' alleged subsequent discriminatory acts are essentially the same acts alleged in an earlier EEOC charge; (3) this Court should take into consideration the fact that Plaintiff was assisted by an EEOC deferral agency counselor ("EEOC counselor") who listened to Plaintiff's description and

---

[1] More specifically, Defendants argue that, because Plaintiff cited only gender and sexual harassment as the bases for filing his administrative charge with the EEOC, he has failed to exhaust his available administrative remedies with regard to a claim of racial discrimination and should now be precluded from asserting race as a basis for his suit in federal court.

account of what transpired and how Plaintiff believed he was discriminated because of his gender and race; (4) Plaintiff relied upon the EEOC counselor to ensure that the EEOC charge reflected Plaintiff's experience; and (5) Plaintiff should be afforded a lowered pleading standard because he filled out and submitted the EEOC-charge form without assistance of counsel. As to his defamation claims, Plaintiff argues that he has sufficiently alleged facts plausibly suggesting defamation *per se* and accordingly has established a prima facie case as to those claims. (*See generally* Dkt. No. 26 [Plf.'s Opp'n Memo. of Law].)

In their reply, Defendants argue as follows: (1) as to Plaintiff's Title VII claim, (i) the parties do not dispute that Plaintiff did in fact omit his race as a basis for the alleged discrimination in his EEOC charge, (ii) Plaintiff did not provide an adequate explanation as to why his EEOC charge contained his gender, but not his race, as a basis for discrimination, and (iii) Plaintiff failed to exhaust all of his administrative remedies, requiring this claim to be dismissed; (2) Plaintiff's admission contained within his sworn affidavit is in its purest form speculative and fails to satisfy the elements of defamation under New York's common law; and (3) the Court lacks supplemental jurisdiction for the same reasons set forth in Defendants' Memorandum-of-law-in-Chief. (*See generally* Dkt. No. 27 [Defs.' Reply Memo. of Law].)

## II.   RELEVANT LEGAL STANDARDS

### A.   Legal Standard Governing a Motion to Dismiss for Lack of Subject-Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *N.Y. by Schneiderman v. Utica City Sch. Dist.*, 177 F. Supp. 3d 739, 745 (N.D.N.Y. 2016) (quoting

5

*Makarova v. United States*, 201 F.3d 110, 113 [2d Cir. 2000].) Notably, "the plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In evaluating Defendants' motion to dismiss for lack of subject matter jurisdiction, this Court "'must accept as true all material factual allegations in the complaint' but should not draw 'argumentative inferences to the party asserting jurisdiction . . . .'" *Cole v. Zucker*, 17-CV-0251, 2019 WL 974820, at *3 (N.D.N.Y. Feb. 28, 2019) (Scullin, J.) (quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 [2d Cir. 1992].)

### B. Legal Standard Governing a Motion to Dismiss for Failure to State a Claim

It has long been understood that a defendant may base a motion to dismiss for failure to state a claim upon which relief can be granted on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. (a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review) (citations omitted).

With regard to the first ground, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). By requiring this "showing," Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212, n.17 (citations omitted). The main purpose of this rule is to "facilitate a proper decision on the merits." *Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.)

6

(citations omitted).

The Supreme Court has long characterized this pleading requirement under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this pleading requirement. *Jackson*, 549 F. Supp. 2d at 212, n.20 (citations omitted). However, even this liberal notice pleading standard "has limits." *Id*. at 212, n.21 (citations omitted). As a result, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet this liberal notice pleading standard. Id. at 213, n.22 (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-83 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561. Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 556-70. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 555 (citations omitted). More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*. at 554 (citations omitted).

As have other Circuits, the Second Circuit has recognized that the clarified plausibility standard that was articulated by the Supreme Court in *Twombly* governs *all* claims, including claims brought by *pro se* litigants (although the plausibility of those claims is to be assessed generously, in light of the special solicitude normally afforded *pro se* litigants).[2] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in Twombly, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) [citation omitted; emphasis added]. That statement was merely an abbreviation of the often-repeated point of law– first offered in *Conley* and repeated in *Twombly*– that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 550 U.S. at 555, n.3 (citing *Conley*, 355 U.S. at 47) (emphasis added). Clearly, there must still be enough facts set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level.[3]

As the Supreme Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). [D]etermining whether a complaint states a plausible claim for relief. . . [is] is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here

---

[2] *Rusyniak*, 629 F. Supp. 2d at 214 & n.34 (citations omitted).

[3] *Rusyniak*, 629 F. Supp. 2d at 214 & n.35 (explaining holding in *Erickson*) (citations omitted)

the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Ashcroft*, 556 U.S. at 679 [internal quotation marks and citations omitted]. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations omitted). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal citations and alterations omitted).

## III.  ANALYSIS

### A.  Plaintiff's Claim Under Title VII Against Defendant MAS

As stated above in Part I.C. of this Decision and Order, Defendants argue that Plaintiff's Title VII race discrimination claim should be dismissed because he has failed to exhaust his administrative remedies, and thus this Court lacks subject-matter jurisdiction over that claim.

Based on even the most liberal construction of Plaintiff's Amended Complaint, the Court agrees with Defendants. "As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). The Second Circuit recognizes exhausting administrative remedies through the EEOC as "an essential element" of an action in federal court. *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001).

On the other hand, the Second Circuit has "long recognized that in certain circumstances, it may be unfair, inefficient, or contrary to the purposes of the statute to require a party to separately re-exhaust new violations that are 'reasonably related' to the initial claim." *Duplan v. City of New York*, 888 F.3d 612, 622 (2d Cir. 2018) (quoting *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402 [2d Cir. 1993], *superseded by statute on other grounds*

9

*as stated in Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684 [2d Cir. 1998]); *see also, e.g.*, *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1208 (2d Cir. 1993). Title VII claims are considered *reasonably related* to a previous administrative complaint in three instances: (1) where the claims concern conduct that falls within the scope of an EEOC investigation that can reasonably be expected to grow out of the charge; (2) where the claims allege retaliation for filing the charge; or (3) where the claims concern further incidents of discrimination carried out in precisely the same manner alleged in the charge. *Ogalo v. NYS Thruway Auth.*, 972 F. Supp. 2d 301, 306 (N.D.N.Y. 2013) (Hurd, J.).

Here, Plaintiff's Amended Complaint alleges neither retaliation for filing his EEOC charge nor any subsequent incidents of discrimination. (*See generally* Dkt. No. 5 [Plf.'s Am. Compl.].) Accordingly, the Court will address only whether Plaintiff's Title VII claim pertains to conduct that is within the purview of the EEOC investigation and whether the alleged conduct reasonably stems from the administrative charge.

In arguing that the answers to these questions are in the affirmative, Plaintiff attempts to analogize his circumstances to the facts of *Deravin v. Kerik*, 335 F.3d 195 (2d Cir. 2003), in two ways. First, Plaintiff argues that his claims, like Deravin's claims, are *reasonably related* to his previous EEOC complaint. *See Deravin v. Kerik*, 335 F.3d at 202-03 (finding that a race-discrimination claim was reasonably related to claims in the EEOC complaint for national origin discrimination because "the line between discrimination on account of race and discrimination on account of national origin may be so thin as to be indiscernible," and because Deravin's EEOC complaint was "sufficiently blurred so that courts may infer that both types of discrimination would fall within the reasonable scope of the ensuing EEOC investigation for exhaustion

purposes.").

However, the gap between gender discrimination and race discrimination is wider than the gap between national original discrimination and race discrimination. This Court finds that, under the facts alleged, Plaintiff's race-discrimination claim in federal court is not *reasonably related* to his EEOC gender-discrimination claim. *See, e.g.*, *Littlejohn v. City of New York*, 795 F.3d 297, 323 (2d Cir. 2015) (finding that plaintiff's sexual harassment claim was not *reasonably related* to her EEOC discrimination claim on the account of race); *see also Muhammad v. New York City Transit Auth.*, 450 F. Supp. 2d 198, 206 (E.D.N.Y. 2006) (dismissing a Title VII race discrimination claim because it was not *reasonably related* to the gender-discrimination claim contained within an earlier EEOC complaint).

Second, Plaintiff argues that his failure to include a claim of race discrimination in his EEOC complaint should be excused based on (1) his former status as a *pro se* litigant and (2) the failure by the EEOC counselor to adequately assist him in filling out his EEOC complaint.[4] It is widely accepted that an employee who fills out an EEOC complaint without the assistance of counsel is afforded the ability to plead "loosely." *Muhammad*, 450 F. Supp. 2d at 201 (quoting *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402 [2d Cir. 1993], *superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Serv. Care*, 163 F.3d

---

[4] The failure to exhaust administrative remedies is not a jurisdictional requirement, but a procedural affirmative defense. *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019). Because the Court is deciding Defendants' motion to dismiss, the Court's consideration cannot stray from the bounds of Plaintiff's Complaint unless the "complaint is deemed to include . . . documents that . . . are 'integral' to the complaint." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 [2d Cir. 2002].) "Courts commonly consider EEOC charges as integral to a plaintiff's complaint . . . ." *Bowie v. Univ. of Maryland Med. Sys.*, 14-CV-03216, 2015 WL 1499465, at n.4 (D. Md. Mar. 31, 2015).

684 [2d Cir. 1998]). However, there is a clear line between pleading "loosely" and omitting a claim.

Moreover, Plaintiff's argument that he would have listed race discrimination within his EEOC complaint but for the EEOC counselor's neglect to properly assist Plaintiff is unpersuasive. The fact that his EEOC complaint's own account of events, which was contained in the "description of the alleged discrimination" (Dkt. No. 18, Attach. 1 at 7 [Defs.' Memo. of Law]), omits any sort of factual allegation regarding race, which could "reasonably be expected to grow out of the charge," can not be reasonably found to have been the fault of an EEOC counselor. *See Ogalo*, 972 F. Supp. 2d at 306. Furthermore, Plaintiff's argument that the description of the alleged discrimination was the fault of the EEOC counselor conflicts with the fact that an EEOC counselor serves as a neutral party and cannot investigate claims on behalf of any party. U.S. EEOC, MGMT. DIRECTIVE 110, CHAPTER 2, EQUAL EMP'T OPPORTUNITY PRE-COMPLAINT PROCESSING (2015).

Simply stated, this Court cannot even liberally construe Plaintiff's allegation that he "was discriminated on because I am a man . . . [in] these days of hyper sexual harassment allegations" as also encompassing race discrimination. (Dkt. No. 18, Attach. 1 at 7. [Defs.' Memo. of Law].)

Accordingly, the Court finds that Plaintiff has failed to adequately exhaust his administrative remedies as to his Title VII race discrimination claim. This claim must be, and is, dismissed.

### B. Plaintiff's Defamation Claims Under State Common Law Against Defendants MAS, Sgroi and Maxwell

Because Plaintiff's only federal claim has been dismissed, this Court declines to exercise

supplemental jurisdiction over Plaintiff's remaining state-law claims. 28 U.S.C. § 1367(c)(3); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); *TPTCC NY, Inc. v. Radiation Therapy Servs., Inc.*, 453 F. App'x 105, 107 (2d Cir. 2011) (stating that, "[i]n deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh 'the values of judicial economy, convenience, fairness, and comity,'" and that "'in the usual case in which all federal-law claims are eliminated before trial,' the balance of factors will weigh in favor of declining to exercise supplemental jurisdiction") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 [1988]).

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's federal claim is **DISMISSED**; and it is further

**ORDERED** that Plaintiff's remaining state-law claims are **DISMISSED without prejudice** to refiling in state court within **THIRTY (30) DAYS** of the entry of the judgment in this action being entered in this matter.

Dated: October 31, 2019
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge